IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MERITAGE HOMEOWNERS'
ASSOCIATION, an Oregon domestic
nonprofit corporation,

    Plaintiff,

  v.

THE BANK OF NEW YORK MELLON,
Fka The Bank of New York, as Trustee on Behalf
of the Holders of the Alternative Loan Trust 2006-
OA21, Mortgage Pass Through Certificates Series
2006-AO21,

    Defendant.

Case No. 6:16-cv-00300-AA

OPINION AND ORDER

AIKEN, Judge:

  Plaintiff Meritage Homeowners' Association (HOA) moves the Court for a temporary restraining order (TRO) requiring defendant, The Bank of New York Mellon (BNYM) to allow it and its agents to access defendant's real property at 56 NW 33rd Place, Unit B, Newport, Oregon 97365 (the Unit) to turn on utilities, replace allegedly faulty windows, and make structural improvements to the Unit at defendant's expense. Pl.'s Mot. for Temp. Restraining Order 2

1 – OPINION AND ORDER

(#22). Plaintiff also moves the Court for an order to show cause why a preliminary injunction should not issue. *Id.* For the reasons set forth below, plaintiff's motion for a temporary restraining order and order to show cause (#22) is denied.

## BACKGROUND

The Meritage is an eighteen unit planned townhome development overlooking the Pacific Ocean in Newport, Oregon. Pl.'s Compl. ¶ 1. Plaintiff is an Oregon domestic nonprofit corporation formed to be a HOA for the Meritage planned unit development. *Id.* Defendant has been the undisputed owner of the Unit since August 27, 2015, after buying it pursuant to a 11 U.S.C. § 363 sale after the original owners filed for bankruptcy. *Id.* at ¶ 8; Def.'s Resp. ¶ 6.

Plaintiff filed suit on February 16, 2016, arguing, amongst other things, that the windows installed in the Unit are defective resulting in water intrusion and damage to the property. Pl.'s Compl. ¶ 16. Plaintiff asserted that pursuant to the CC&R's, defendant, as owner of the Unit, is responsible for the maintenance of the exterior and structural components of the Unit, including the windows. *Id.* at ¶ 17. Plaintiff further asserted that defendant failed to repair the windows and this failure "is likely causing damage to components of the building [it] is responsible for maintaining," and the damage is ongoing and cannot be mitigated because defendant owns and controls access to the Unit. *Id.* Moreover, plaintiff asserted that because the townhomes are common wall structures, the structural integrity of defendant's unit, as well as the adjoining units, are degrading. *Id.* at ¶ 18. Finally, plaintiff asserted that several units in the development, including defendants Unit, required plywood to cover some of the windows after those windows failed and fell out and that the plywood window coverings damage the value of the surrounding units. *Id.* at ¶ 19.

///

Plaintiff's Complaint listed three claims for relief, including a claim for nuisance, stating that defendant has substantially and unreasonably interfered with plaintiff's reasonable enjoyment of the property by maintaining exclusive possession of the Unit without repairing "nuisance-causing windows," despite being put on notice that the windows are continuing to cause damage to the Unit. *Id.* at ¶ 42. Plaintiff's complaint sought injunctive relief requiring defendant to repair the windows, as well as compensatory damages to repair the windows and common elements that were allegedly damaged and "to compensate for the loss in in value to surrounding units due to the financial burdens imposed by [defendant's] inaction." *Id.* at ¶ 43. On February 2, 2017, plaintiff filed the instant motion that is presently before the Court. (#22).

## STANDARD OF REVIEW

The same general legal standards govern TROs and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. V. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def. Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of the State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, an emergency TRO may be entered without notice. See Fed. R. Civ. P. 65(b)(1)(A) (restricting availability of *ex parte* TROs to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.").

///

## DISCUSSION

Plaintiff argues it is entitled to a TRO because defendant's refusal to replace the allegedly defective windows is creating two kinds of irreparable harm. Pl.'s Mot. for a TRO 14. First, plaintiff argues that the presence of plywood on the windows of defendant's Unit "will continue to effectively destroy the ability of the other owners to market and sell their properties" because "the presence of plywood on windows in the complex is creating and perpetuating a stigma that makes the properties virtually unsalable." *Id.*

Next, plaintiff asserts that not fixing the windows now will continue the degradation of the structural components of the units and force other owners to pay more for other repairs. *Id.* at 16. Specifically, plaintiff asserts that of the eighteen units in the development, only four units, including defendant's Unit, still have the faulty windows installed and plywood coverings over those windows. *Id.* at 3. Plaintiff asserts that the other three remaining units are scheduled to have the windows replaced and if defendant's Unit is included in that work package, the contractor performing the work will provide a fifteen percent discount. *Id.* Plaintiff asserts that if defendant's unit is not included in the work package, the remaining three unit owners will enjoy a reduced discount of only ten percent, resulting in a lost group discount savings for those owners of $47,500. *Id.*

A TRO is not justified here for two reasons. First, plaintiff's motion does not show the type of emergency harm required by Rule 65(b)(1)(A). Plaintiff filed suit on February 16, 2016, but did not move for a TRO until nearly a year later on February 2, 2017. The only additional harm plaintiff alleges in its instant motion is a five percent reduction in the discount the three other unit owners who are having their windows replaced will enjoy. However, as plaintiff correctly asserted in its motion, "'if money damages will compensate for the harm, the injury is

4 – OPINION AND ORDER

not irreparable.'" *Id.* at 13 (citing *Los Angeles Memorial Coliseum Com. V. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)). Plaintiff has not explained why money damages would be inadequate to compensate these owners for the reduction in the discount they would receive absent defendant's participation in the repairs at this time.

Second, plaintiff has not shown irreparable harm. Rather, plaintiff specifically seeks "authority to enter the premises and make the repairs." Pl.'s Mot. for a TRO 11. Thus, because plaintiff seeks entry into the Unit to make repairs, it follows that the harm is not irreparable, especially considering that plaintiff has not alleged that the circumstances have increased in severity since filing its Complaint nearly a year ago. Accordingly, on the record before the Court, there is no emergency justifying issuance of a TRO. As such, plaintiff's motion is denied.

## CONCLUSION

Plaintiff's Motion for a TRO and Order to Show Cause Why Preliminary Injunction Should Not Order (#22) is DENIED. At plaintiff's request, the Court will entertain a motion for a preliminary injunction, which plaintiff is free to request expedited consideration of pursuant to L.R. 7-1(g).

IT IS SO ORDERED.

DATED this 8th day of ~~February~~ March 2017.

_____
ANN AIKEN
United States District Judge

5 – OPINION AND ORDER