Troy S. Bundy, OSB No. 942574
E-mail: tsb@hartwagner.com
Aaron J. Potter, OSB No. 992003
E-mail: ajp@hartwagner.com
HART WAGNER, LLP
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

<u>Of Attorneys for Meritage Homeowners' Association and Third-Party Defendant Kurt Freitag</u>

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MERITAGE HOMEOWNERS' ASSOCIATION, an Oregon domestic nonprofit corporation,<br><br>        Plaintiff,<br><br> v.<br><br>THE BANK OF NEW YORK MELLON, fka The Bank of New York, as Trustee on Behalf of the Holders of the Alternative Loan Trust 2006-OA21, Mortgage Pass Through Certificates Series 2006-OA21,<br><br>        Defendant. | Case No. 6:16-cv-00300-AA<br><br>MERITAGE HOMEOWNERS' ASSOCIATION AND THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION FOR SANCTIONS<br><br>*Oral Argument Requested* |
| THE BANK OF NEW YORK MELLON, a Delaware corporation,<br><br>       Third-Party Plaintiff,<br><br>MERITAGE HOMEOWNERS' ASSOCIATION, an Oregon domestic nonprofit corporation,<br><br>       Nominal Third-Party Plaintiff,<br><br> v.<br><br>KURT FREITAG,<br><br>       Third-Party Defendant. | |

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 1

## LR 7-1 CERTIFICATE

The undersigned represents that the parties have made good faith efforts to resolve the subjects of this Motion and were unable to do so.

## MOTION FOR SANCTIONS

Meritage Homeowners' Association ("HOA") and Third-Party Defendant Kurt Freitag hereby move the Court for an order entering sanctions against The Bank of New York Mellon and its attorneys on the grounds that BNYM, through its agents, engaged in evidence tampering and the destructive testing of critical physical evidence. The spoliation and tampering occurred in the course of this pending federal litigation. The destruction and testing occurred on the common property maintained by Meritage Homeowners' Association and is the direct subject of the above-mentioned litigation.

## FACTS UNDERLYING MOTION

The relevant facts supporting Meritage Homeowners' Association and third-party defendant Kurt Freitag's motion are as follows:

Meritage Homeowners' Association filed this case against defendants on February 17, 2016. Jurisdiction was based on the diversity jurisdiction statutes, 28 U.S.C. §1332 (a)(1) and §1367 (a). (Decl. of Troy Bundy, Ex. 1, pg 2.) A portion of the substantive basis associated with the claims against defendant The Bank of New York Mellon included allegations that the windows installed on the property were and are defective, resulting in water intrusion and damage to the subject unit. (*Id*. at pgs. 5-7.)

Defendant BNYM denied these allegations and filed an Answer and Third-Party Complaint against the HOA and third-party defendant Kurt Freitag alleging, in paragraph 15 of their First Amended Answer, Counterclaims and Third-Party Complaint that:

/ / /

/ / /

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 2

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

"BNYM denies that the windows have caused water intrusion that has damaged any of the property or the building. Rather, Meritage HOA has failed to maintain the exterior and structural components of the property. Specifically, Meritage HOA has failed to maintain the commonly maintained property, including but not limited to failing to maintain **siding**, **trim**, chimneys, and other **commonly owned elements**."

(Decl. of Troy Bundy, Ex. 2, ¶ 15)

On August 15, 2017, counsel for the HOA and third-party-defendant Kurt Freitag deposed BNYM designee Luis Portal in his 30(B)(6) deposition, as he was designated the BNYM representative who was capable of answering all questions relating to issues set out in the 30(B)(6) notice of deposition. (Decl. of Troy Bundy, Ex. 3.) During the course of that deposition, BNYM testified BNYM had employed an expert to perform destructive testing on the inside of the unit in question. The testimony was as follows:

| | |
|---|---|
| Question (by Mr. Hoyt): | Go ahead. Where is the water in the structure? |
| Answer: | There is water around the chimney, there's water one of the areas of the wall. |
| Question : | Has the - - destructive testing been done? |
| Answer: | I believe that the second inspection had destructive testing. I don't know exactly what destructive testing Is, but I - - |
| Question: | Okay. |
| Answer: | I believe that's what they called it. |
| Question: | Did the architect open up the walls? |
| Answer: | The architect did open up walls. |
| Question: | Okay. Did he take photographs? |
| Answer: | He took photographs. |

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 3

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

> Question:           Okay, do those photographs show water penetration?
>
> Answer:             They do.

(Decl. of Troy Bundy, Ex. 4, pgs 163:25-164:16.)

Following this exchange, counsel for HOA and third-party defendant Kurt Freitag sent a letter to BNYM's lead counsel, Thomas Larkin. (Decl. of Troy Bundy, Ex. 5) In pertinent part, that letter states:

> "This raises another concern. Your designee informed us you did destructive testing on the windows without telling us. I hope he was misinformed. I find it very hard to believe a lawyer with your substantial experience would allow that to occur. So, I chose to disbelieve him. But, if that is true, please let us know immediately."

(*Id.* at pg. 5.)

Mr. Larkin failed to respond or indicate in any way that destructive testing had been performed on the interior of the unit. Following this, on September 20, 2017, witnesses identified a truck bearing the markings of Epic Construction. (Decl. of Kurt Freitag, ¶¶ 1-3.) Two men were then seen at the unit in question working with cutting tools and prying trim from around the windows at issue. (*Id.* at ¶¶ 3, 6.) These witnesses were observed cutting into and removing caulk from the windows and performing other examinations. (*Id.* at ¶¶ 3-6.)

None of the destructive testing or evidence tampering was discussed beforehand with any lawyer representing the HOA or Mr. Freitag. (Decl. of Bundy, ¶ 8.) These actions constitute egregious conduct, especially in light of the fact that the conditions of these windows is in direct dispute in this lawsuit and that BNYM counsel was specifically informed that no destructive testing should occur without the knowledge and consent of the HOA or Mr. Freitag. That experienced construction defect lawyers would allow this to occur is beyond any reasonable level of understanding.

Given the foregoing, Meritage Homeowners' Association and third-party defendant Kurt Freitag request this court enter an order sanctioning BNYM and its lawyers in an amount that is

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 4

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

reasonable under the circumstances and likely to deter future conduct. Given that the condition of the windows and siding is directly at issue and BNYM has tampered with this evidence on more than one occasion, any claims or defenses relating to these windows as set forth in BNYM's Answer, Counterclaims and Third-Party Complaint should be stricken. Meritage Homeowners' Association and third-party defendant Kurt Freitag therefore move to strike any claim or denial within BNYM's Answer, Counterclaims and Third-Party Complaint wherein they deny that the windows are defective.

## MEMORANDUM OF LAW

There can be no doubt that the evidence at issue in this case relates specifically to the condition of the windows, siding, and trim. BNYM has specifically alleged they were aware of the fact that the trim and siding are considered "common property" and are owned and controlled by the HOA. In any court, including the Ninth Circuit and this District Court, a litigant has a duty to preserve evidence it knows or reasonably should know is relevant to a claim. *United States, ex rel. Aflatooni v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002).

Courts in this circuit apply federal law for spoliation sanctions. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). The authority for imposing spoliation sanctions is found in the court's inherent discretionary authority to make "appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Id*.

A "primary aspect" of the inherent power of the court is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991). The court has broad discretion in crafting a sanction, which may include dismissal. *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

Courts in the Ninth Circuit impose a variety of sanctions for spoliation of evidence, including the exclusion of evidence (which includes expert testimony). *Glover*, 6 F.3d at 1329. However, where spoliation is "due to willfulness, bad faith, or fault," the court may order

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 5

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

dismissal of the claim of the party responsible for the act. *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996).  A finding of bad faith is often required to impose sanctions, but it should be noted that such a finding is not required if the spoliating party had notice the destroyed evidence might be relevant to the litigation. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006).

When a defendant willfully destroyed significant evidence after being served with a request for production, one district court—in an unpublished decision—concluded that no lesser sanction than default judgment would serve to satisfy both the deterrent and punitive functions of spoliation sanctions. *Cabinetware Inc. v. Sullivan*, No. CIV. S. 90-313 LKK, 1991 WL 327959, at *4 (E.D. Cal. July 15, 1991) (Opinion attached).  The *Cabinetware* Court reasoned:

> "Defendant's conduct in this instant action, cast in its most charitable light, is an affront to the integrity of the judicial system.  Knowing full well the significance of the initial source codes to plaintiff's suit for copyright infringement, defendant willfully destroyed essential evidence after being served with a request for production.  Although I have served many years on the federal bench, this court has never before been confronted with such a flagrant example of contempt for the judicial system… I hold that nothing less than default judgment on the issue of liability will suffice to both punish this defendant and deter others similarly tempted."

*Id*.

When considering a sanction of dismissal, the Ninth Circuit has recently followed a five-factor test: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

The Court in *Leon* addressed the first two factors summarily, noting that destruction of evidence would require more time from the court and the opposing party to address the issues before them. *Id*. at 958.  Such is the case here, as the situation would require expert analysis to

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 6

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

determine what harm has been done to the windows, and to determine—to the extent it is possible—whether the testing itself has been causing or contributing to the harm complained of by BNYM.

Analysis of the first two factors dovetails with the third: prejudice to the party seeking sanctions. While it is not entirely clear that prejudice is required (*see Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 353 (9th Cir. 1995) ("We decline to enter the fray over whether legal prejudice to the party seeking the dismissal is or is not required.")), it is nevertheless present here. By conducting destructive testing alone, and without notice, BNYM has denied the opposing parties their opportunity to establish the condition of the property for this matter. Any subsequent testing will be guesswork at the condition present before the tampering occurred.

Finally, the court is to consider the fourth and fifth factors: public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. In this matter, consideration of these factors only underscores the need for drastic sanctions. The irreparable alteration or destruction of key evidence, performed clandestinely by the party in possession, is a serious offense: "Aside perhaps from perjury, no act serves to threaten the integrity of the judicial process more than the spoliation of evidence." *United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 258 (2007). Dismissal is therefore available under the court's inherent power "when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Anheuser-Busch, Inc.*, 69 F.3d at 348. It is worth noting that, in determining whether to dismiss as a result of these actions, this Court is not constrained to enter into a discussion of alternative punishments, to give a warning, or to impose lesser sanctions first. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987); *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

/ / /

/ / /

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 7

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## SUMMARY

It is undisputed that the condition of the trim, sidings, and windows are directly at issue in this lawsuit and they have been at issue in this lawsuit since its inception.  It is also undisputed that BNYM has conducted destructive testing and has tampered with evidence in this case that it knew was directly at issue in this lawsuit.  This tampering occurred not once, but on at least two occasions.  Based upon the testimony of BNYM, destructive testing likely occurred on more than one occasion on the interior of the building.  In counsel's letter of August 25, 2017, it was made perfectly clear to a qualified construction defect attorney that his clients were engaged in evidence tampering and that the activity was forbidden.  Instead of responding or taking heed of the warning sent by counsel, BNYM engaged in *further* destructive testing on property that it knew was common property.  This constitutes a trespass for the purpose of engaging in prohibited, destructive evidence tampering.  This behavior simply cannot be condoned, and an appropriate sanction should be entered.

Because this testing and destruction occurred outside of the presence of any representative on behalf of Meritage HOA or Kurt Freitag, counsel has no way of knowing exactly what occurred and whether or not evidence was destroyed or otherwise modified.  Counsel for BNYM has refused to allow Meritage HOA or Mr. Freitag access to the interior of the unit.  This is likely because BNYM has been engaged in interior destructive testing and hopes to avoid discovery.

In considering an appropriate remedy, clearly an imposition of monetary sanctions is warranted.  This would include attorney's fees incurred in filing and arguing this motion before the court, at a minimum.  Additionally, Meritage HOA and third-party defendant Kurt Freitag request this court enter an order striking any affirmative allegations or denials that the windows

/ / /

/ / /

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 8

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

involved are defective.  These particular allegations have been accordingly marked within BNYM's First Amended Answer, Counterclaims and Third-Party Complaint attached as Exhibit 6 to the Declaration of Troy Bundy.

DATED this 3rd day of October, 2017.

> HART WAGNER LLP
>
> By: */s/ Troy S. Bundy*
> Troy S. Bundy, OSB No. 942574
> Aaron Potter, OSB No. 992003
> Of Attorneys for Meritage Homeowners'
> Association and Third-Party Defendant
> Kurt Freitag

MERITAGE HOMEOWNERS' ASSOCIATION AND
THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION
FOR SANCTIONS - 9

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MERITAGE HOMEOWNERS' ASSOCIATION AND THIRD-PARTY DEFENDANT KURT FREITAG'S MOTION FOR SANCTIONS** on:

| | |
|---|---|
| Mark C. Hoyt<br>Sherman Sherman Johnnie & Hoyt, LLP<br>P. O. Box 2247<br>Salem, OR  97308<br>E-mail:mark@shermlaw.com<br>*Attorneys for Plaintiff* | Thomas A. Larkin<br>Tyler J. Storti<br>Stewart, Sokol & Larkin, LLC<br>2300 SW First Avenue, Suite 200<br>Portland, OR  97201-5047<br>Email:  tlarkin@lawssl.com;<br>tstorti@lawssl.com; and<br>bhamilton@lawssl.com<br>*Attorneys for Defendant and Third-Party Plaintiff The Bank of New York Mellon* |
| Thomas Yoxall<br>Daron Janis<br>Locke Lord, LLP<br>2200 Ross Ave., Suite 2800<br>Dallas, TX 75201<br>FAX:  214-740-8800<br>Email: djanis@lockelord.com;<br>tyoxall@lockelord.com<br>*Pro Hac Attorneys for Defendant and Third-Party Plaintiff The Bank of New York Mellon* | Brendan Herbert<br>Locke Lord, LLP<br>525 Okaechobee Blvd., Suite 1600<br>West Palm Beach, FL  33401<br>FAX:  561-655-8719<br>Email:  Brendan.Herbert@lockelord.com<br>*Pro Hac Attorneys for Defendant and Third-Party Plaintiff The Bank of New York Mellon* |

by the following indicated method or methods:

__X__   by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

DATED this 3rd day of October, 2017.

HART WAGNER, LLP

By: */s/ Troy S. Bundy*_____
Troy S. Bundy**,** OSB No. 942574
E-mail:  tsb@hartwagner.com
Attorneys for Meritage Homeowners'
Association and Third-Party Defendant
Kurt Freitag

CERTIFICATE OF SERVICE - 1

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**