IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MERITAGE HOMEOWNERS' ASSOCIATION,<br><br>        Plaintiff,<br><br>        v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>        Defendant. | Civ. No. 6:16-cv-00300-AA<br><br>**ORDER** |
| THE BANK OF NEW YORK MELLON,<br><br>        Third-Party Plaintiff,<br><br>MERITAGE HOMEOWNERS' ASSOCIATION,<br><br>        Nominal Third-Party Plaintiff<br><br>        v.<br><br>KURT FREITAG,<br><br>        Third-Party Defendant | |

AIKEN, District Judge.

This matter comes before the Court on the Bank of New York Mellon ("BNYM")'s Motion for Temporary Restraining Order and Preliminary Injunction Against Kurt Freitag. (doc. 120.) For the reasons set forth below, the Court GRANTS the requested temporary restraining order.

## LEGAL STANDARDS

In deciding whether to grant a motion for a temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy to may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

## DISCUSSION

Having reviewed and considered the record, the motion, and the supporting declaration and exhibits, the Court concludes that a TRO is warranted in this case. BNYM has demonstrated a likelihood of success on the merits, based on this Court's previous Order. Freitag's threatened actions in continuing to act on behalf of the Meritage Homeowners' Association ("Meritage") represent an imminent risk of irreparable harm to Meritage and BNYM. The Court similarly concludes that the balance of equities and the public interest favor the issuance of a TRO. The Court has determined that no bond or security is necessary at this stage, although it is prepared to revisit that issue upon consideration of the preliminary injunction.

Accordingly, BNYM's Motion for a TRO (doc. 120) is GRANTED. From the date and time of this Order, Kurt Freitag is hereby enjoined from:

1. Taking any action on behalf of Meritage;
2. Retaining counsel to represent Meritage;

3. Soliciting, negotiating, or entering into any agreement with any party that would bind Meritage to any legal obligations, create a new business relationship, or incur any further costs for which Meritage would be responsible;

4. Accessing or liquidating any bank accounts, reserve funds, or other property owned by Meritage or in which Meritage has a beneficial interest;

5. Attempting to collect or enforce any debts alleged to be owed by Meritage or its members;

6. Imposing fines or fees, or engaging in any collection or enforcement actions against members of Meritage;

7. Placing any liens on property owned by Meritage or members of Meritage;

8. Communicating with members of Meritage in the capacity of one in control of Meritage; and

9. Destroying or failing to preserve any documentation (electronic or otherwise) concerning Meritage's operations, business relationships, financial affairs, maintenance, and legal affairs.

The Court shall hold a preliminary injunction hearing at 11:00 a.m. on April 30, 2018, at the federal courthouse in Eugene, Oregon. The parties are permitted to appear by telephone. This injunction shall remain in force until the resolution of that hearing, unless otherwise ordered by the Court.

It is so ORDERED and DATED this 19th day of April, 2018, at 3:46 p.m.

_____
ANN AIKEN
United States District Judge