IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MERITAGE HOMEOWNERS'
ASSOCIATION,

        Plaintiff,

v.

BANK OF NEW YORK MELLON,

        Defendant.

Case No. 6:16-cv-00300-AA
**OPINION AND ORDER**

---

BANK OF NEW YORK MELLON,

        Third-Party Plaintiff,

v.

KURT FREITAG,

        Third-Party Defendant.

---

AIKEN, Judge:

    In this diversity action, plaintiff Meritage Homeowners' Association ("Meritage") alleges that defendant Bank of New York Mellon ("BNYM") owes Meritage over a million dollars in Homeowner's Association-related fees associated with a property located in the Meritage at

Little Creek community. BNYM's purported liability stems from the fact that BNYM had a security interest in the property, and eventually purchased the property in a bankruptcy proceeding. In response to Meritage's complaint, BNYM filed a series of claims against the developer, third-party defendant Kurt Freitag ("Freitag"), who was in administrative control of Meritage when this action was filed.

On April 13, 2018, the Court issued an Opinion and Order that, among other things, granted BNYM's motion for partial summary judgment (doc. 84). *Meritage Homeowners' Assn. v. Bank of New York Mellon*, 6:16-cv-00300-AA, 2018 WL 1787183 (D. Or. Apr. 13, 2018). In granting the motion, the Court ruled that Freitag lacked legal authority to carry out the actions that gave rise to Meritage's claims against BNYM, because the period of Freitag's administrative control over Meritage had ended in June 2004. *Id.* at *21. That conclusion was based on provisions of the Declaration of Covenants, Conditions, and Restrictions ("the Declaration") for Meritage at Little Creek and on Oregon's Planned Community Act, ORS §§ 94.550 to 94.7873.

Now Freitag moves to certify the underlying question of law to the Oregon Supreme Court, pursuant to ORS § 28.200, which allows certification of dispositive questions of law. (doc. 164). The Court finds this motion appropriate for disposition without oral argument, pursuant to Local Rule of Civil Procedure 7-1(d)(1). For the reasons set forth below, Freitag's motion is DENIED.

## STANDARDS

Before the Oregon Supreme Court will consider whether to exercise its discretion to hear certified questions, five statutory criteria must be met: (1) the certification must come from a statutorily authorized court, (2) the question must be a question of law, (3) the law at issue must be Oregon law, (4) the question must be determinative of at least one claim in the case, and (5) it

must appear to the certifying court that there is no controlling precedent in the decisions of the Oregon Supreme Court or Oregon Court of Appeals. ORS § 28.220; *W. Helicopter Serv., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 629–34 (Or. 1991). Of these criteria, the certifying court objectively determines the first four issues, and the fifth issue is a subjective judgment. *W. Helicopter. Serv.* at 366. Ultimately, "[u]se of the certification procedure in any given case rests in the sound discretion of the federal court." *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

## DISCUSSION

Freitag requests that this Court certify the following question to the Oregon Supreme Court:

> Under ORS 94.600, in an Oregon planned community approved by the local government to be developed in multiple phases, may completion of less than all phases be considered "expiration of any period of declarant control reserved under ORS 94.600" for the purposes of triggering mandatory turnover of declarant administrative control where further approved phases of the planned community have not been annexed and sold?

Mot. for Certification at 1.

This question is not appropriate for certification because it is a question of contract interpretation. Freitag has framed the question as an issue of statutory interpretation—specifically, the meaning of the phrase "the expiration of any period of declarant control reserved in the declaration under subsection (1) of this section" in ORS § 94.600(3). But Oregon's Planned Community Act does not define or determine when a period of declarant control expires. Instead, the Act leaves that question, and even the question of whether declarant control will be reserved in the first place, to the terms of a particular declaration. ORS § 94.600(1) provides that "a declaration may reserve special declarant rights including, without limitation,

the right to a period of declarant control that may be of limited or unlimited duration." Thus, to determine "the expiration of any period of declarant control *reserved in the declaration*," a court must look to and interpret the declaration itself, not the Planned Community Act.

In the Order granting summary judgment, the Court interpreted the text of the Declaration using Oregon's multi-step process for contract interpretation, as outlined in *Yogman v. Parrott*, 937 P.2d 1019, 1021 (Or. 1997). *Meritage Homeowners' Ass'n*, 2018 WL 1787183, at * 18–20. And the Court determined that "under the terms of the Declaration, mandatory turnover was triggered on June 4, 2005, the first date on which seventy-five percent of the Lots then subject to the Declaration were sold to people other than Freitag." *Id.* at *20. The issue was decided according to existing Oregon precedent and no further clarification is necessary. *See, e.g., Garrison v. Bally Total Fitness Holding Corp.*, Civ.04 1331 PK, 2006 WL 3354475, at *7 (D. Or. Nov. 15, 2006) (declining to recommend certification of questions of law that arise out terms of a contract when the Court previously had applied Oregon's rules of contract interpretation to analyze the questions). Therefore, the fifth criterion, the lack of controlling Oregon precedent, is not met and certification is not appropriate.

## CONCLUSION

For the reasons stated above, Freitag's motion to certify a question of law to the Oregon Supreme Court (doc. 164) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of October 2018.

_____
Ann Aiken
United States District Judge