IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**MERITAGE HOMEOWNERS' ASSOCIATION,**

        Plaintiff,

        v.

**BANK OF NEW YORK MELLON,**

        Defendant.

No. 6:16-cv-00300-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a "Motion to Compel Receiver to Prosecute Claims" filed by Claimants Big Fish Partners ("Big Fish") and Sue Cowden. ECF No. 278.

In their motion, Big Fish and Cowden seek to compel the Receiver to more aggressively pursue the Meritage HOA's claims against Defendant Bank of New York Mellon ("BONY"). This motion was filed prior to the Court's evidentiary hearing on the disputed claims against the Meritage HOA. In the course of that hearing, Big Fish Partners and Sue Cowden withdrew all but one of their claims, which concerned damage to a window on the Cowden Unit. After presentation of the evidence, that claim was disallowed in an opinion issued on March 29, 2024. ECF No. 359.

In the present motion, Big Fish and Cowden seek to compel the Receiver to litigate claims against BONY concerning plywood coverings on the BONY-owned unit prior to the contemplated sale of the HOA-owned units. Big Fish and Cowden assert that the plywood coverings will depress the sale prices and have a negative effect on the prices of the Units in the Meritage development. Big Fish and Cowden assert that the Receiver has a mandatory duty to aggressively pursue these claims.

Courts possess "extremely broad" power when "determin[ing]" the appropriate action to be taken in the administration of the receivership." *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). The court's power and its related "wide discretion" extend to "determine[ing] the appropriate relief in an equity receivership." *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). "The role of the receiver is equivalent to that of a bankruptcy trustee," and "[l]ike trustees, receivers often must use their discretion to make difficult business decisions." *Bangor Hydro Elec. v. Bridgewell Resources, LLC*, No. CV-10-726-HZ, 2011 WL 1630812, at *2 (D. Or. April 28, 2011).

In the Court's Order of May 25, 2018, the Receiver was vested with "all of the powers and duties of a duly constituted board of directors under the Oregon Planned Community Act, Meritage at Little Creek's governing Declaration, and Meritage HOA's bylaws." Opinion and Order (the "May 2018 O&O") at 9. ECF No. 157. ORS 65.357 provides that a director of a nonprofit corporation is to act in (a) in good faith; (b) with "the care an ordinarily prudent person in a like position would exercise under similar circumstances;" and (c) in "a manner the director reasonably believes to be in the best interests of the corporation." ORS 65.357(1).

As a preliminary matter, the Court notes that litigation of the substance of the claims between Meritage and BONY has been delayed by the necessity of resolving the disputed claims made against the HOA, including the claims made by Big Fish and Cowden, as well as those brought by PSRG Trust.[1]  As that issue has now been resolved, the Court anticipates that the case will move forward to resolution of the remaining issues.  This is consistent with the expectations of the Receiver.  Rohn Roberts Decl. ¶ 6.  ECF No. 281-1.

Additionally, the Court notes that the Receiver has not, as Big Fish and Cowden suggest, neglected the issue of the BONY Unit.  That issue is part of this litigation and was discussed at length in the Court's Opinion and Order of April 13, 2018 (the "April 2018 O&O"), ECF No. 119.  As BONY points out, the Court found that there were questions of fact that precluded summary judgment on a number of issues.  April 2019 O&O, at 25-26, 29.  And, as the Receiver points out, the HOA has not abandoned any claims or potential claims against BONY.  The Receiver is required to act in good faith; with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and in a manner the director reasonably believes to be in the best interests of the corporation.  The Court has no reason to believe that the Receiver has not met his obligations under the statute or under the Declaration or the bylaws.  The Receiver is not, however, required to

---

[1] The evidence at the hearing was that Big Fish Partners and PSRG Trust are both entities controlled by Kurt Freitag.  This is described at some length in the Court's Opinion & Order of March 29, 2024.  ECF No. 359.

Page 3 – ORDER

prosecute the HOA's claims in the manner or on the timetable demanded by Big Fish or Cowden.

The Court therefore DENIES Big Fish and Cowden's Motion to Compel the Receiver to Prosecute Claims. ECF No. 278.

It is so ORDERED and DATED this 26th day of April 2024

                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge