IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**MERITAGE HOMEOWNERS' ASSOCIATION,**

   Plaintiff,

 v.

**BANK OF NEW YORK MELLON,**

   Defendant,

**BANK OF NEW YORK MELLON,**

   Third-Party Plaintiff,

 v.

**MERITAGE HOMEOWNERS' ASSOCIATION,**

   Nominal Third-Party Plaintiff,

 v.

**KURT FREITAG,**

   Third-Party Defendant.

No. 6:16-cv-00300-AA

**OPINION & ORDER**

AIKEN, District Judge.

   This case comes before the Court on Claimant Sue Cowden's Motion to Correct Order. ECF No. 360. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) governs reconsideration of a "final judgment, order, or proceeding" of the district court. That Rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party,"; (4) if the judgment is void; (5) if the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is not longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The party making a Rule 60(b) motion bears the burden of proof. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Motions for reconsideration are not the proper vehicles for rehashing old arguments and not intended to give an unhappy litigant on additional chance to sway the judge." *Hernandez v. Jefferson Cnty. Sheriff's Office*, Case No. 3:19-cv-1404-JR, 2021 WL 2349320, at *1 (D. Or. Feb. 1, 2021) (internal quotation marks and citation omitted, alterations normalized). In addition, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

## DISCUSSION

In the motion for reconsideration, Claimant Sue Cowden acknowledges that in her closing brief she mistakenly asserted that the Meritage HOA had a non-delegable duty to repair the windows. ECF No. 353. Cowden express concern that the error may have caused the Court to overlook the merits of her arguments concerning non-delegable duties.

In its Order, the Court addressed that mistaken assertion, but the Court's decision did not turn on the issue of a non-delegable duty. Instead, as the Receiver notes, the Court found there was no credible evidence that the damage to the window of the Cowden Unit was caused by a contractor working for the HOA. March 2024 O&O, at 20. ECF No. 359. The Court's subsequent discussion was explicitly presented *in arguendo*. *See* O&O, at 20 ("Even assuming that Big Fish and Cowden had presented sufficient evidence that the damage to the window was caused by a contractor . . .").

The question of whether the HOA might be held liable for harms caused by an independent contractor becomes moot in the absence of credible evidence that the window was damaged by an HOA contractor in the first place.

However, if the Court were to consider the question of the non-delegable duty, that duty extends, in this case, to the repair of the exterior wall. Claimants' injury did not arise from a failure to maintain the wall or from an improper repair of the wall or from a defective condition of the wall, but from a separate alleged act of negligence by the contractor. *See Towner v. Bernado*, 304 Or. App. 397, 425 ("There

are some instances, however, where the entity is subject to a duty that cannot be delegated, such that it is liable for the negligence of its independent contractors for harms encompassed by that duty regardless of whether the entity itself was negligent."). Claimant's alleged injury is not "encompassed by the duty" of the HOA to repair the exterior walls but arises from an alleged failure by the contractor to take reasonable care. As the Receiver points out, to hold the HOA liable for the alleged damage would be analogous to a situation in which the contractor hit the Claimant's car while on his way to repair the wall. If the Claimant wishes to be made whole for the damage to the window, she must look to a claim against the independent contractor, rather than the HOA.

## CONCLUSION

For the reasons set forth above, Claimant Sue Cowden's Motion for Reconsideration, ECF No. 360, is DENIED.

It is so ORDERED and DATED this  6th  day of June 2024

                                           /s/Ann Aiken
                                          ANN AIKEN
                                          United States District Judge