IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MERITAGE HOMEOWNERS'
ASSOCIATION, an Oregon, nonprofit
corporation,

       Plaintiff,

   v.

THE BANK OF NEW YORK MELLON, fka
The Bank of New York, as Trustee on Behalf
of the Holders of the Alternative Loan Trust
2006-0A21, Mortgage Pass Through
Certificates Series 2006-0A21,

       Defendant.

_____

THE BANK OF NEW YORK MELLON, a
Delaware corporation,

       Third-Party Plaintiff,

MERITAGE HOMEOWNERS'
ASSOCIATION, an Oregon domestic
nonprofit corporation,

       Nominal Third-party Plaintiff,

Case No. 6:16-cv-300-MC

OPINION AND ORDER

OPINION AND ORDER – Page 1

v.

KURT FREITAG,

        Third-Party Defendant.

_____

**MCSHANE, Judge**:

Plaintiff Meritage Homeowners' Association moves for an award of attorney fees and costs pursuant to the Court's Limited Judgment dated September 20, 2024. Pl.'s Mot. Atty Fees, ECF No. 391. Specifically, Plaintiff seeks $50,953.00 of fees and $1,573.60 against Claimant PSRG Trust, and $13,697.00 in fees and $491.40 in costs against Claimant Sue Cowden. Additionally, Plaintiff seeks an award of the Receiver's fees of $6,944.00 and expert witness expenses of $17,824.02 against Claimant PSRG Trust and $1,596.00 in Receiver's fees as to Claimant Sue Cowden. *Id.* 3. The Claimants each acknowledge that Plaintiff is entitled to recover reasonable fees and costs. That said, each Claimant has some specific objections discussed below.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market

would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2022 Economic Survey as the initial benchmark when reviewing fee petitions.[1]

      This case is over one decade old. Plaintiff mounted a successful defense, culminating in a 30-page opinion following a two-day hearing, of each claimant's claims. Claimant Cowden dismissed four of her five claims during the hearing. Plaintiff, however, had to prepare to defend all five claims at the hearing. Although Cowden's lone pursued claim ended up consisting of a fairly insignificant dollar amount, the Court again stresses that Plaintiff had to prepare to defend all of Cowden's claims (due to the last-minute dismissal of four claims). Additionally, PSRG had claims of over $1,000,000. Plaintiff achieved a total legal victory as Judge Aiken rejected each of PSRG's claims. This was a significant victory for the owners of the other units.

      In reviewing the fee petitions, the Court finds the hours expended are reasonable in light of the length of this protracted litigation and the claims at issue. Plaintiff used associate counsel, with a lower hourly rate, when possible. As Plaintiff succeeded in defending all of the claims, the work performed, and results obtained, were superb. Given the relative complexity of this litigation, the Court is surprised that neither the Plaintiff nor the Receiver incurred more fees in defending these claims. Based on its review, the Court agrees with the Receiver that "the defense of the PSRG Trust claim, and the prosecution of the Receiver's objection thereto, was rendered much more complicated by the lack of source documents and other competent evidence supporting the claim." ECF No. 391-3, 3. In short, the Court finds the fees sought reasonable under the circumstances.

---

[1] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

OPINION AND ORDER – Page 3

Claimant PSRG makes two specific objections. First PSRG argues that some of the time entries are too vague to connect the work with time spent on claims pursued by PSRG. Second, PSRG argues the declarations provide no information relating to the $17,824.02 in expert witness fees. First, the Court finds the entries described with enough detail to conclude that they were spent defending each claimant's claims. The descriptions provided are much more detailed than most petitions the Court has reviewed in other cases. In reviewing the documentation, the Court agrees with Plaintiff that: "meaningful efforts were made to eliminate any request for an award of attorney fees from Cowden relative to time spent solely on matters attributable to Big Fish Partners or PSRG Trust." Rep. 6, ECF No. 409. There is nothing indicating that Plaintiff did not take such efforts. As to the documentation regarding the expert witness, this was simply a mistake Plaintiff made when filing supporting documents. Plaintiff fixed that mistake by filing the Supplemental Declaration of Receiver Rohn M. Roberts filed with its Reply. *See* Robers Supp. Decl. ¶ 2 (submitting Acuity Forensics invoices and noting "the inadvertent failure to attach invoices" to the original fee petition).

Claimant Cowden argues that Plaintiff's documentation renders her unable to discern which hours were spent on her claims and which hours were spent on PSRG's claims. In response, Plaintiff notes that it should have explained better that entries with blue highlights indicate work done defending Cowden's claims. In checking the math, the Court finds this explanation reasonable and, considering how many of the claims here were "inextricably intertwined" with other claims, concludes that Plaintiff met its obligation to document hours spent on each claimant's claims. Again, given the long history of this case, the Court finds that Plaintiff (and the Receiver) received excellent results in defending each claimant's claims. Given that total victory, Plaintiff's are entitled to all of the fees and costs incurred defending the claims.

In reviewing the documentation supporting the petition, along with a review of Judge Aiken's 30-page opinion, the Court finds all of the requested fees and costs are reasonable.

Plaintiff's Motion for Fees and Costs, ECF No. 391, is GRANTED. Plaintiff is awarded $50,953.00 in fees and $1,573.60 in costs against Claimant PSRG Trust, and $13,697.00 in fees and $491.40 in costs against Claimant Sue Cowden. Additionally, Plaintiff is awarded Receiver's fees of $6,944.00 and expert witness expenses of $17,824.02 against Claimant PSRG Trust and $1,596.00 in Receiver's fees as to Claimant Sue Cowden. Plaintiff is entitled to post-judgment interest at a rate of 3.91%.

IT IS SO ORDERED.

DATED this 29th day of September, 2025.

                                                       s/Michael J. McShane  
                                                         Michael J. McShane  
                                                United States District Judge