IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MERITAGE HOMEOWNERS'
ASSOCIATION, an Oregon, nonprofit
corporation,

   Plaintiff,          Case No. 6:16-cv-300-MC

  v.             OPINION AND ORDER

THE BANK OF NEW YORK MELLON, fka
The Bank of New York, as Trustee on Behalf
of the Holders of the Alternative Loan Trust
2006-0A21, Mortgage Pass Through
Certificates Series 2006-0A21,

   Defendant.

_____

THE BANK OF NEW YORK MELLON, a
Delaware corporation,

   Third-Party Plaintiff,

MERITAGE HOMEOWNERS'
ASSOCIATION, an Oregon domestic
nonprofit corporation,

   Nominal Third-party Plaintiff,

  v.

KURT FREITAG,

   Third-Party Defendant.

_____

1 – Opinion and Order

**MCSHANE, Judge:**

Because the Court concluded that Claimants' Motion to Show Cause, ECF No. 504, was frivolous, the Court found claimants liable for any attorney's fees Plaintiff Meritage and Defendant BNYM incurred in responding to the motion. May 4, 2026, Op., ECF No. 514. Claimants now move for reconsideration, arguing (1) their motion was not frivolous and (2) they were entitled to notice and an opportunity to be heard. ECF No. 523. Upon reconsideration of both the original and supplemental arguments put forth by claimants, the Court stands by the findings and conclusions made in its May 4, 2026, Opinion. Claimants make much of little, attempting to convince the Court to declare null and void every ruling made in this action over the past decade. The genesis of such a drastic remedy, according to claimants, is a paperwork error temporarily gumming up the works of a settlement that claimants strenuously objected to. Claimants argue that because BNYM may not be the "record owner" of the unit in question, BNYM lacks standing and this Court must immediately dissolve the Receivership. In the strongest possible terms, the Court disagrees.

In responding to Claimants' motion to reconsider, the Receiver attached a copy of the Complaint claimants filed in state court against BNYM, Meritage, and every other unit owner. Roberts Decl. Ex. 1, ECF No. 526. Claimants filed that action the same day they filed their (frivolous) motion here. Remarkably, claimants allege there that "The BNYM Defendants purportedly acquired the Property pursuant to a 11 U.S.C. § 363 sale. As the purported or putative owner of the Property, the BNYM Defendants voluntarily assumed all common law duties of purported ownership of the BNYM Property since August 27, 2015, and continuing to the present day." Ex. 1, ¶ 26. Claimants allege, as they must, that "individual owners are responsible for the maintenance/repair of the windows of each property within the Meritage Development." Ex. 1, ¶ 28. Claimants go on to make identical arguments that they made here for many years; i.e., that

2 – Opinion and Order

BNYM knew of the water damage, chose to let it continue for years, and has damaged not only its own unit, but the adjacent unit. Additionally, claimants allege that the value of their own units have decreased due to BNYM's failures to mitigate water damage. Regardless of the fact that the Court essentially resolved these issues in an exhaustive, 26-page Opinion last November, claimants' allegations there provide further support that their motion filed here challenging BNYM's standing is not only frivolous but filed in bad faith.[1]

The record is clear that Kurt Frietag will do everything possible to drag this litigation out as long as possible and make it as expensive as possible for all other unit owners not named Sue Cowden. The Court will not allow Mr. Frietag, or his new attorneys, to use this proceeding to abuse the judicial process. Additionally, the Court notes that the two remaining claimants are parties to the state court action and make identical claims there—labelled as unjust enrichment claims—that this Court will resolve here following an evidentiary hearing. As the claims here are in equity, the Court reserves the right to take everything into consideration, including that the claimants filed a duplicative action in state court, when resolving the outstanding claims.

The Court, however, agrees with claimants' second argument; i.e., that they were entitled to notice and an opportunity to be heard before being assessed attorney's fees. In hindsight, the Court should have ordered claimants to show cause why they should not be liable for attorney's fees. However, any error is harmless because by filing their motion for reconsideration, ECF No. 523, claimants have now been appropriately heard.

---

[1] The Court understands that the opinion last November rejected claimants' objections to the settlement, while the state court action involves claimants' own claims against BNYM. But the state court claims essentially mirror Meritage's own claims brought in this action against BNYM. Regardless of the nature of the specific claims themselves, the Court was more interested in contrasting claimants' arguments made here related to BNYM's purported lack of standing against the fact that claimants brought claims for nuisance and negligence against BNYM there (despite BNYM only being a "purported owner" of the unit).

3 – Opinion and Order

For the benefit of the Ninth Circuit, who will certainly be asked to weigh in on the appropriateness of the Court's ruling here, the Court is concerned with Mr. Freitag's established history of using aggressive litigation as an expensive stick to bully anyone who disagrees. Judge Aiken shared the same concern years ago when the case was hers to deal with. The record as laid out in ECF No. 491 and ECF No. 495 is, as far as the Court can determine, unopposed. In fact, Mr. Freitag explicitly made that threat in several emails introduced during the June 4, 2025, evidentiary hearing. This Court is of the firm belief that claimant's argument—that a minor paperwork issue regarding BNYM's "record ownership" of its unit requires dissolving the Receivership and declaring every ruling made over 10 years of costly litigation null and void—was, and remains, frivolous. The Court attempted to keep attorney's fees as low as possible. An in-person hearing, as claimants requested, would only drive up fees. And issuing a show-cause order, which Meritage and BNYM would likely respond to, would only increase their fees. All resulting in claimants simply being liable for more fees. Regardless, claimants have now had ample notice and an opportunity to be heard.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a

case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2022 Economic Survey as the initial benchmark when reviewing fee petitions.[2]

Although claimants do not challenge the specific amount of requested fees, the Court has reviewed the hours and rates sought and concludes the amounts are reasonable.

### **CONCLUSION**

Claimants' motion for reconsideration, ECF No. 523, is DENIED. Meritage's Motion for Fees, ECF No. 518, is GRANTED. Meritage is awarded $9,550.00 in fees. BNYM's Motion for Fees, ECF No. 517, is GRANTED. BNYM is awarded $4,296.50 in fees.

IT IS SO ORDERED.

DATED this 17th day of July 2026.

_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge

---

[2] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

5 – Opinion and Order